

FILED'10 APR 13 10:57USDC-ORP

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON AT PORTLAND

| | |
|---|---|
| EDWARD J. BYLSMA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BURGER KING CORPORATION, a Florida corporation; and KAIZEN RESTAURANTS, INC., an Oregon corporation,<br><br>Defendants. | NO.<br><br>CV '10 - 403    PK<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edward J. Bylsma, by and through his attorneys of record, Anne M. Bremner and Stafford Frey Cooper, brings the following complaint against Defendants Burger King Corporation and Kaizen Restaurants, Inc.

### I. JURISDICTION AND VENUE

1.1   Plaintiff Edward J. Bylsma is a citizen of the State of Washington. Defendant Burger King Corporation is a corporation incorporated under the laws of Florida, with its principle place of business in Florida. Kaizen Restaurants, Inc. ("Kaizen") is a corporation incorporated under the laws of Oregon with its principle place of business in Oregon.

COMPLAINT FOR DAMAGES - 1
11349-030235 522032x

32796    ORIGINAL

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1.2 The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

## II. FACTS

2.1 Plaintiff Edward J. Bylsma is a sheriff's deputy with the Clark County Sheriff's Office. On March 23, 2009, Deputy Bylsma was working swing shift, 3:30 p.m. to 3:15 a.m., along with Hans, his canine partner. At approximately 1:50 a.m. on March 24, 2009, he went to the Burger King restaurant located at 5513 NE Gher Road in Vancouver, Washington, during his "lunch" break.[1] This Burger King was frequented by Deputy Bylsma and other deputies as it is one of the only restaurants in the area open at this time of night. Deputy Bylsma entered the drive-thru, pulled up to the order speaker, and ordered a Whopper with cheese.

2.2 There was no supervisor at the Burger King that night. The two employees present, Gary Herb and Jeremy McDonald, had criminal records, including convictions for assault and burglary, and one has Hepatitis. Deputy Byslma did not know either of the employees, though he recognized McDonald from previous visits to the restaurant. McDonald took the order, and Deputy Bylsma pulled up to the window to pay and pick it up. McDonald made no response to Deputy Bylsma's attempts to engage him in friendly conversation, and simply took his money and closed the window.

2.3 McDonald then walked over to the front counter and faced where the cook, Herb, was completing the order. They engaged in conversation and McDonald collected the burger from the tray and put it into a bag. McDonald then walked back

---

[1] This Burger King is named Burger King Restaurant #5259, which Plaintiff would later discover is operated by Defendant Kaizen, a Beaverton, Oregon company.

COMPLAINT FOR DAMAGES - 2
11349-030235 522032x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

toward the window, opened it, and handed the bag to him without looking at Deputy Bylsma. Deputy Bylsma said "thank you," but McDonald simply shut the window.

2.4    Deputy Bylsma pulled away with an uneasy feeling; the incident did not sit right with him and he felt that something was wrong. This feeling was so strong that he felt he should check his burger, something he had never felt the need to do before.

2.5    Deputy Bylsma pulled into another parking lot down the street, parked his patrol car, and opened the Burger King bag. Deputy Bylsma carefully unwrapped the burger on his lap and pulled the top bun off exposing the lettuce and other ingredients. He carefully held up both sides of the burger to see if he could see anything amiss. Everything looked fine. He then laid the top portion of the burger on the wrapper and pulled the meat patty off the bottom bun and found a slimy, clear and white phlegm glob on the meat patty.



COMPLAINT FOR DAMAGES - 3

11349-030235 522032x

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100

2.6   At first Deputy Bylsma was shocked. His initial thought was "Okay, this is not happening." He tried to convince himself that perhaps this was oil or fat that dripped on to it from another burger. He then put his finger into the substance and it stuck to his finger and its consistency was not that of fat. Deputy Bylsma was convinced that this was phlegm and called for assistance. Deputy Bylsma became nauseous and took photos and video of the burger on his personal cell phone as evidence.

2.7   Two Clark County Sheriff's Office ("CSSO") deputies arrived and collected the evidence from the burger. Burger King's night manager returned to the Burger King and spoke with the deputies. The deputies asked McDonald and Herb to submit a saliva sample for testing, but they refused. The deputies noted that both seemed frustrated and uneasy about the investigation.

2.8   A swab of the spit on the burger was sent to the Washington State Patrol Crime Laboratory, where it was identified as human saliva. On April 2, 2009, a CSSO deputy notified a Burger King manager that the test indicated someone had spit on Deputy Bylsma's burger. At about this time, a Burger King supervisor instructed Herb to say that he was on vacation.

2.9   On April 2, 2009, the police obtained search warrants and obtained oral swabs from McDonald and Herb. McDonald told one of the investigating deputies that McDonald and Herb "often violated company rules." On April 14, 2009, the crime lab report identified Herb as the match to the DNA profile from the spit on the burger, and a warrant was issued for his arrest. Herb was arrested on April 21, 2009, and pleaded guilty to felony assault and was sentenced to 90 days in jail.

COMPLAINT FOR DAMAGES - 4

11349-030235 522032x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900   FAX 206.624.6885

2.10    As a direct and proximate result of Defendants' conduct, Deputy Bylsma was injured and suffered damage as set forth in paragraphs 3.1 through 3.3 of this Complaint.

### III.  WRONGFUL CONDUCT

3.1    Product Liability

(a)    Defendants are product manufacturers within the meaning of Oregon's product liability statute, ORS 30.900. Defendants manufactured and sold the food that injured Plaintiff.

(b)    Defendants owed a duty to Plaintiff to manufacture a product that was reasonably safe in construction, that did not materially deviate from applicable design specifications, or that did not deviate in some material way from identical units in the defendants' product line.

(c)    Defendants owed a duty to Plaintiff to manufacture a product that conformed to their express warranties that the food prepared and sold was, among other things, fit for human consumption, healthful, and suitable for all persons.

(d)    Defendants owed a duty to Plaintiff to manufacture a product that conformed to implied warranties, including the implied warranty that their food was fit for human consumption.

(e)    The contaminated food prepared and sold by Defendants that injured Plaintiff was not reasonably safe in construction, and did not conform to Defendants' express or implied warranties, because it was contaminated and adulterated.

(f)    Because the contaminated food that injured Plaintiff was not reasonably safe in construction, and did not conform to Defendants' implied or express

COMPLAINT FOR DAMAGES - 5

11349-030235 522032x

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

warranties, Defendants are liable to Plaintiff for the harm proximately caused by their defective food products.

(g) As a result of Defendants' fault, Plaintiff suffered personal injury and damages for which Defendants are liable.

3.2  <u>Negligence</u>

(a) Defendants manufactured, distributed, and sold a product which was not reasonably safe as designed or manufactured, within the meaning of ORS 30.900 and similar statutes.

(b) Defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of food products, including all applicable local and state health and safety regulations.

(c) Plaintiff is among the class of persons designed to be protected by the statutory and regulatory provisions pertaining to the manufacture, distribution, storage, labeling, and sale of food by defendants.

(d) Defendants were negligent in their selection, training, and supervision of its employees, including, without limitation, failing to adequately screen, instruct, and supervise them, and failing to provide them with adequate standards, as regards to reasonably necessary health and safety practices to prevent the contamination of food.

(e) As a result of Defendants' negligence, Plaintiff suffered personal injury and damages for which Defendants are liable.

COMPLAINT FOR DAMAGES - 6

11349-030235 522032x

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

3.3 <u>Vicarious Liability/Respondeat Superior</u>

(a) Defendant Kaizen is vicariously liable for the negligence of its employees, who at all times relevant were acting within the scope of their employment.

b) Defendant Burger King is vicariously liable for Kaizen's negligence because it held the franchisee out as its agent as well as controlled the method by which Kaizen performed its obligations under the franchise agreement. At all times relevant Plaintiff believed that defendant Burger King owned and operated Burger King Restaurant #5259, and Plaintiff relied upon this assurance when he chose to eat at that restaurant.

## IV. DAMAGES

4.1 As a result of Defendants' conduct, Plaintiff suffered physical, emotional, and economic damage, including pain and suffering, and emotional distress.

4.2 Plaintiff seeks compensatory damages for his economic and non-economic damages, and punitive and statutory damages under the laws of the State of Oregon.

4.3 The full nature and extent of Plaintiff's damages are as yet unknown but will be set forth at or prior to the time of trial.

## V. PRAYER FOR RELIEF

WHEREFORE, having set forth this Complaint for Damages, Plaintiff prays for relief as follows:

5.1 That the Court assume jurisdiction in this matter over Plaintiff's claims;

5.2 That the Court award Plaintiff judgment against Defendants for a fair and reasonable amount to be proven at the time of trial as determined by the trier of fact;

COMPLAINT FOR DAMAGES - 7
11349-030235 522032x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1  5.3.  That the Court award punitive damages to Plaintiff against Defendants, amounts to be determined at trial in accordance with the allegations and claims set forth above;

5.4  That the Court award Plaintiff his costs, disbursements, and attorneys' fees incurred in pursuing this action; and

5.5  That the Court award such other relief as it may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED this 12th day of April, 2010.

                STAFFORD FREY COOPER

By: _____
James T. Yand, OSB # 88335
Anne M. Bremner, *pro hac vice applicant*
Darrin E. Bailey, *pro hac vice applicant*
Attorneys for Plaintiff Edward J. Bylsma

COMPLAINT FOR DAMAGES - 8
11349-030235 522032x

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885